Filing # 131937083 E-Filed 08/03/2021 01:44:56 PM

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

ORLANDO GONZALEZ,

    Plaintiff,

Vs.

Case No.:

HOME DEPOT USA, INC.,
d/b/a THE HOME DEPOT
a foreign corporation and
COCA-COLA BEVERAGES FLORIDA,
LLC,

    Defendants.
_____/

## COMPLAINT

The Plaintiff, ORLANDO GONZALEZ, by and through his undersigned counsel and sues the Defendants, HOME DEPOT U.S.A., INC. A foreign corporation d/b/a THE HOME DEPOT (hereinafter referred to as HOME DEPOT U.S.A., INC.) and COCA-COLA BEVERAGES FLORIDA, LLC alleges as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of thirty thousand ($30,000.00) dollars.

2. At all times material hereto, the Plaintiff, ORLANDO GONZALEZ, was an individual residing in Miami-Dade County, Florida.

3. At all times material hereto, the Defendant, HOME DEPOT U.S.A., INC., was a foreign corporation doing business in Miami-Dade County, Florida.

4. At all times material hereto, the Defendant, COCA-COLA BEVERAGES FLORIDA, LLC, was a Florida Limited Liability Company doing business in Miami-Dade County, Florida

5. Venue is proper in Miami-Dade County as the subject incident took place therein.

6. On or about September 5, 2020, Defendant, HOME DEPOT U.S.A., INC., owned maintained and/or controlled a Home Depot store located at 950 SE 12th Street, Hialeah, Florida.

7. At all times material hereto, Defendant, COCA-COLA BEVERAGES FLORIDA, LLC owned, maintained, and/or controlled the fridges/coolers at or near the checkout lanes at the

Home Depot store located at 950 SE 12th Street, Hialeah, Florida.

8. On the above date and time, Plaintiff, ORLANDO GONZALEZ, was a business invitee on the Defendants' property and lawfully on the premises.

9. On the above date and time, the Plaintiff, ORLANDO GONZALEZ, while exercising due care and caution for his own safety, was shopping at said HOME DEPOT U.S.A., INC store when he was caused to slip and fall to the ground due the careless and negligent manner in which the store floors and coolers/fridges were maintained, monitored, and/or controlled at said premises. More specifically, the Plaintiff slipped on an unmarked liquid substance, which upon information and belief which was leaking from a fridge/cooler at or near the checkout lanes causing him to fall to the ground.

## COUNT I: NEGLIGENCE CLAIM AGAINST HOME DEPOT U.S.A.

The Plaintiff readopts and re-alleges each and every allegation contained in Paragraphs 1 through 9, as if they were fully set forth herein and further alleges:

10. At all times material hereto, the Defendant, HOME DEPOT U.S.A., by and through its agents and/or employees, owed the Plaintiff a duty of reasonable care to maintain the checkout areas in a condition reasonably safe for their intended uses and free from all conditions which would render them dangerous and unsafe for the Plaintiff, and/or present an unreasonable risk of harm to him in his lawful use of the same.

11. The Defendant, HOME DEPOT U.S.A., owed the Plaintiff a duty to warn him of the aforedescribed dangerous and unsafe condition which led to Plaintiff's injuries.

12. The Defendant, HOME DEPOT U.S.A., by and through its employees, servants, and/or agents breached its duty of care to the Plaintiff, by committing one or more of the following negligent acts of commission and/or omission which proximately caused injury to the Plaintiff as hereinafter alleged more fully:

    a. The Defendant failed to properly maintain and examine the subject area in the checkout area to make sure it was safe and free from dangerous conditions, including substances, such as leaking water;

      b.    Had Defendant exercised reasonable care in the maintenance of the subject area, it would have discovered the dangerous condition of an unmarked liquid substance(s) leaking from the fridge/cooler;

      c.    The Defendant failed to warn the Plaintiff of the dangerous condition it knew or should have known existed in the subject location; and

      d.    The aforedescribed dangerous condition was a regular, reoccurring, and ongoing condition; therefore, Defendant knew or in the exercise of reasonable care, should have known of the aforedescribed dangerous condition.

13.    As a direct and proximate result of Defendant's negligence, the Plaintiff has been forced to incur medical bills, has suffered bodily injury resulting in severe physical pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of preexisting injuries, if any, and loss of the ability to earn wages. His losses are permanent and continuing in nature and the Plaintiff will suffer losses in the future.

WHEREFORE, the Plaintiff, ORLANDO GONZALEZ, demands judgment against the Defendant, HOME DEPOT U.S.A., INC., for damages, costs, and any other relief this Court may deem appropriate. The Plaintiff further demands trial by jury as to all issues so triable as a matter of right.

## COUNT II: NEGLIGENCE CLAIM AGAINST COCA-COLA BEVERAGES FLORIDA, LLC

The Plaintiff readopts and re-alleges each and every allegation contained in Paragraphs 1 through 9, as if they were fully set forth herein and further alleges:

14.    At all times material hereto, the Defendant, COCA-COLA BEVERAGES FLORIDA, LLC by and through its agents and/or employees, owed the Plaintiff a duty of reasonable care to maintain the coolers/fridges in the checkout area in a condition reasonably safe for their intended uses and free from all conditions which would render them dangerous and unsafe for the Plaintiff, and/or present an unreasonable risk of harm to him in his lawful use of the same.

15.    The Defendant, COCA-COLA BEVERAGES FLORIDA, LLC owed the Plaintiff a

duty to warn him of the aforedescribed dangerous and unsafe condition which led to Plaintiff's injuries.

16. The Defendant, COCA-COLA BEVERAGES FLORIDA, LLC., by and through its employees, servants, and/or agents breached its duty of care to the Plaintiff, by committing one or more of the following negligent acts of commission and/or omission which proximately caused injury to the Plaintiff as hereinafter alleged more fully:

   a. The Defendant failed to properly maintain and examine the fridges/coolers in the checkout area to make sure it was safe and free from dangerous conditions, such as leaks;

   b. Had Defendant exercised reasonable care in the maintenance of the subject fridge/cooler, it would have discovered the dangerous condition of leaking;

   c. The Defendant failed to warn the Plaintiff of the dangerous condition it knew or should have known existed in the subject location; and

   d. The aforedescribed dangerous condition was a regular, reoccurring, and ongoing condition; therefore, Defendant knew or in the exercise of reasonable care, should have known of the aforedescribed dangerous condition.

17. As a direct and proximate result of Defendant's negligence, the Plaintiff has been forced to incur medical bills, has suffered bodily injury resulting in severe physical pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of preexisting injuries, if any, and loss of the ability to earn wages. His losses are permanent and continuing in nature and the Plaintiff will suffer losses in the future.

WHEREFORE, the Plaintiff, ORLANDO GONZALEZ, demands judgment against the Defendant, COCA-COLA BEVERAGES FLORIDA, LLC for damages, costs, and any other relief this Court may deem appropriate. The Plaintiff further demands trial by jury as to all issues so triable as a matter of right.

In Compliance with Rule 2.516 all pleadings in this cause shall be served on the undersigned by E-mail to pleadings@anl-law.com

DATED this 3rd day of August, 2021.

LAW OFFICES OF ANIDJAR & LEVINE, P.A.
Attorney for Plaintiff
300 SE 17TH Street
Fort Lauderdale, FL 33316
Tel: (954) 525-0050/ Fax: (954) 525-0020

E-Mail for Pleadings – pleadings@anl-law.com

By: _____
GLEN B. LEVINE, ESQ.
FBN 0144355
DEVON WORKMAN, ESQ.
FBN 1004245