## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 21-cv-23279-BLOOM/Otazo-Reyes

ORLANDO GONZALEZ,

      Plaintiff,

v.

HOME DEPOT USA INC.,
and COCA-COLA BEVERAGES
FLORIDA, LLC.

      Defendants.

_____/

### ORDER ON EXPEDITED MOTION FOR EXPEDITED DISCOVERY

**THIS CAUSE** is before the Court upon Plaintiff's Expedited Motion for Expedited Discovery and Entry of Scheduling Order, ECF No. [13] ("Motion"). In the Motion, Plaintiff requests that the Court permit him to serve an interrogatory to obtain the name of the store manager from Home Depot to permit the Court to determine whether this case should be remanded to state court. Plaintiff further seeks entry of a Scheduling Order establishing expedited discovery. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

Defendants filed a notice of removal, ECF No. [1], on September 10, 2021, removing this case from Florida state court based upon the Court's diversity jurisdiction. That same day, the Court entered its Order on Post-Removal Procedures, ECF No. [3], in which it set a deadline of October 11, 2021 for Plaintiff to file a motion for remand. After the parties filed their Joint Scheduling Report, ECF No. [12], the Court entered a Scheduling Order, ECF No. [15], which establishes a deadline of November 29, 2021 for amendment of pleadings and joinder of parties.

Case No. 21-cv-23279-BLOOM/Otazo-Reyes

Thereafter, Plaintiff filed a Motion for Leave to Amend Complaint and Motion for Remand, ECF No. [22], requesting leave to file an amended complaint adding a Jane Doe store manager as a Defendant and requesting a remand of this case based upon his anticipation that the store manager will be a non-diverse party. The Court denied the request for leave to amend and to remand because fictitious party pleading is not permitted in federal court, and Plaintiff's anticipation that the store manager is non-diverse is a not a sufficient basis to justify remand at this juncture. *See* ECF No. [23].

The Court is not unmindful that Plaintiff may face a conundrum – he has been unable to obtain the name of the store manager working at Home Depot on the day of the subject incident in advance of the deadline for motions for remand (which has now passed). Nor has the Court permitted him to amend his complaint to assert a claim against a Jane Doe manager, who Plaintiff believes will be non-diverse and whose joinder will therefore destroy the basis of the Court's jurisdiction in this case. However, the Court has entered a Scheduling Order, and the parties are free to engage in plenary discovery, so Plaintiff may now obtain the identity of the Jane Doe manager. In addition, the deadline to amend the pleadings is November 29, 2021, which should afford Plaintiff ample time to obtain the name of the store manager and file an amended complaint. To the extent that Plaintiff is concerned that he will be unable to seek a remand of this case if the store manager proves to be a non-diverse party, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Further, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (footnote call numbers and citations omitted).

Accordingly, the Motion, **ECF No. [13]**, is **DENIED**.

Case No. 21-cv-23279-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 14, 2021.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record