**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-23279-BLOOM/Otazo-Reyes**

ORLANDO GONZALEZ,

    Plaintiff,

v.

HOME DEPOT USA INC.,
and COCA-COLA BEVERAGES
FLORIDA, LLC.

    Defendants.
_____/

**ORDER ON SECOND MOTION FOR LEAVE TO AMEND COMPLAINT
AND MOTION FOR REMAND**

**THIS CAUSE** is before the Court upon Plaintiff Orlando Gonzalez's ("Plaintiff") Second Motion for Leave to Amend Complaint and Motion for Remand, ECF No. [25] ("Motion"), filed on October 15, 2021. On October 22, 2021, Defendants Coca-Cola Beverages Florida, LLC ("Coca-Cola") and Home Depot USA Inc. ("Home Depot") (together, "Defendants") filed their Responses, ECF Nos. [31], [32], to which Plaintiff filed a Reply, ECF No. [34]. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part.

    **I.**    **BACKGROUND**

Plaintiff initiated this premises liability action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. According to the Complaint, Plaintiff was a business invitee at a Home Depot store located at 950 SE 12th Street, in Hialeah, Florida. ECF No. [1-2] ¶ 8. As Plaintiff was walking through Home Depot, he slipped and fell on a liquid substance that was leaking from a fridge or cooler near the checkout lanes, owned, maintained or controlled

by Coca-Cola. Plaintiff thereafter sustained injuries. *Id.* ¶¶ 8-9. The Complaint asserts two claims for relief: (1) negligence against Home Depot; and (2) negligence against Coca-Cola.

On September 10, 2021, Defendants filed a Notice of Removal, ECF No. [1] ("Notice"), seeking removal of the case from state court pursuant to 28 U.S.C. § 1332. In the Notice, Defendants state that removal was proper because the amount in controversy $75,000.00, exclusive of interests and costs, and the action is between the Plaintiff, who is a citizen of Florida, and Home Depot, a citizen of Georgia and Delaware, and Coca-Cola, a citizen of Texas. *Id.* Thereafter, on October 15, 2021, Plaintiff filed the instant Motion, explaining that he has learned the identity of the store manager working at the time of his incident, and requests the Court grant leave to amend the Complaint to include a claim against the store manager, Eduardo De La Moneda, a citizen of Florida.[1] *See generally* ECF No. [25]; *see also* ECF No. [25] at 8-14 ("Amended Complaint"). Defendants oppose the Motion, arguing that Plaintiff's attempt to add De La Moneda to this action amounts to a fraudulent joinder because there is no viable claim against De La Moneda as pleaded in the Amended Complaint.

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 1447, "if after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *see also Gallup v. Wal-Mart Stores E., LP*, No. 20-CV-14131, 2020 WL 5981473, at *1 (S.D. Fla. Oct. 8, 2020) ("When a plaintiff seeks to join a party that would destroy diversity jurisdiction after removal, the analysis begins with 28 U.S.C. § 1447(e) rather than the liberal amendment standards of Fed. R.

---

[1] Plaintiff previously requested leave to amend to add a Jane Doe defendant on October 8, 2021, because he had not yet learned the identity of the store manager. *See* ECF No. [22] ("First Motion for Leave to Amend"). The Court denied the First Motion for Leave to Amend because the Federal Rules of Civil Procedure do not permit fictitious party practice. *See* ECF No. [23].

2

Civ. P. 15."). Thus, in such situations, the court has "only two options: (1) deny joinder; or (2) permit joinder and remand [the] case to state court." *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998).

"A post-removal request to join a non-diverse party defendant 'is left to the discretion of the district court.'" *Laposa v. Walmart Stores E. LP*, No. 2:20-cv-182-FtM-29NPM, 2020 WL 2301446, at *2 (M.D. Fla. May 8, 2020) (quoting *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992). In deciding whether to permit amendment to join a non-diverse party, courts consider several factors, including:

> (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in seeking amendment, (3) whether the plaintiff would be significantly injured if the amendment were not permitted, and (4) any other factors bearing on the equities.

*Gardner v. Eco Lab Inc.*, No. 07-80163-CIV, 2007 WL 9701821, at *2 (S.D. Fla. May 9, 2007) (citation omitted); *see also Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)) ("*Hensgens* factors). "Additionally, the Court should also consider whether the joinder of the non-diverse party is fraudulent." *Laposa*, 2020 WL 2301446, at *2 (citation omitted).

### III. DISCUSSION

Defendants argue that leave to amend should be denied because Plaintiff is seeking to add De La Moneda to defeat diversity jurisdiction. "A defendant seeking to establish fraudulent joinder must demonstrate by clear and convincing evidence that 'there is no possibility the plaintiff can establish a cause of action against the resident defendant.'" *Laposa*, 2020 WL 2301446, at *3 (quoting *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006)); *see Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) ("The burden of establishing fraudulent joinder is a heavy one. Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court."). Defendants

contend further that Plaintiff does not state a claim against De La Moneda because he fails to allege any personal fault against him.

"Under Florida law, an officer or employee of a company may be personally liable for a tort, even if that employee was operating within the scope of his or her employment, if the employee's acts were due to *personal* fault." *Gallup v. Wal-Mart Stores E., LP*, No. 20-CV-14131, 2020 WL 5981473, at *1 (S.D. Fla. Oct. 8, 2020) (citation omitted) (citing *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2005)). To state a negligence claim against a store manager in possession and control of the premises, "the complaining party must allege and prove that the officer or agent owed a duty to the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious) fault." *White*, 918 So. 2d at 358 (citing *McElveen v. Peeler*, 544 So. 2d 270, 272 (Fla. 1st DCA 1989)). Allegations that a manager was "directly responsible for carrying out certain responsibilities; that he negligently failed to do so; and that, as a result, [the plaintiff] was injured[,]" are sufficient. *Id*.

Here, Plaintiff's proposed Amended Complaint alleges that De La Moneda (1) was "in control of and responsible for the area in and around the shopping aisle" ECF No. [25] at 12, ¶ 20, and was personally involved in directing other employees and for carrying out certain responsibilities, *id*. at 13, ¶ 26. In pertinent part, Plaintiff alleges that De La Moneda's duties were "to a) conduct, personally or through those under h[is] control, reasonable periodic inspections, at reasonable intervals, to discover and to remove dangerous substances, including liquids and debris and leaking coolers/fridges, on the floor of said premises and to clean up or remove such dangerous substances[.]" *Id*. at 13 ¶ 26. Plaintiff alleges further that De La Moneda "failed to perform such duty in that he failed to inspect and discover[] the dangerous condition which caused Plaintiff to fall and injure himself," and "[b]ut for the negligent failure of . . . De La Moneda, to perform such

4

duties and responsibilities, the Plaintiff would not have fallen and injured h[im]self[.]" *Id*. at 23-24, ¶¶ 26, 29. Viewing these allegations in the light most favorable to Plaintiff, Plaintiff states a plausible claim against De La Moneda. Defendants have failed to set forth any evidence, such as an affidavit, to contradict Plaintiff's allegations. *See Pacheco*, 139 F.3d at 1380 (11th Cir. 1998) (a court may consider affidavits to determine whether a defendant was fraudulently joined). As such, the Court cannot say that clear and convincing evidence shows there is no possibility that Plaintiff can establish a cause of action against De La Moneda for negligence.

Having found that Plaintiff's attempt to add De La Moneda to this action does not amount to a fraudulent joinder, the Court finds no reason not to permit amendment to add a claim against De La Moneda. Moreover, Plaintiff has been diligent in seeking amendment—the Plaintiff learned of the manager's identity less than two weeks ago and the Motion was filed within the time set forth in the Court's Scheduling Order, ECF No. [15], to amend the pleadings or join parties.

Lastly, Plaintiff would be prejudiced if the Court were to deny leave to amend. This is especially true in light of the Court's determination that the proposed Amended Complaint states a colorable claim against De La Moneda. If the Court were to deny amendment, Plaintiff would otherwise be forced to pursue litigation against De La Moneda in state court and against Defendants in federal court. *See Kelly v. Stillwater Pres. Dev., LLC*, 2018 WL 7460057, *2 (M.D. Fla. Nov. 14, 2018) ("In determining whether to permit joinder and remand to state court, the harm resulting from forcing Plaintiffs to pursue parallel litigation in federal and state court is considered." (citation omitted)). While Defendants may have an interest in proceeding in a federal forum, denying leave to amend will not only result in multiple lawsuits on the same essential subject matter, but will also run afoul the interest of the public and the courts in the complete and efficient resolution of controversies.

Case No. 21-cv-23279-BLOOM/Otazo-Reyes

Therefore, based on the foregoing, the Court concludes that granting Plaintiff leave to file the Amended Complaint to join Eduardo De La Moneda as a defendant is appropriate under the circumstances. However, to the extent that Plaintiff requests that the Court also remand this case, the request is premature at this juncture, as the Amended Complaint has not yet been filed.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [25]**, is **GRANTED IN PART AND DENIED IN PART**.
2. Plaintiff shall separately file his Amended Complaint, **no later than November 1, 2021**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 28, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record