UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-23279-BLOOM/Otazo-Reyes**

ORLANDO GONZALEZ,

    Plaintiff,

v.

HOME DEPOT USA INC.,
and COCA-COLA BEVERAGES
FLORIDA, LLC.

    Defendants.
_____/

## ORDER REMANDING CASE

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On October 29, 2021, the Court granted Plaintiff Orlando Gonzalez's ("Plaintiff") request for leave to file an Amended Complaint to join Defendant Eduardo De La Moneda—the effect of which would defeat diversity jurisdiction in this case. *See* ECF No. [38] ("Order").[1] Plaintiff has now filed his Amended Complaint adding De La Moneda as a Defendant. *See* ECF No. [41] ("Amended Complaint"). The Court has carefully reviewed the Amended Complaint, the record in this case, the applicable law, and is otherwise fully advised.

Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). As

---

[1] Plaintiff initiated this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Defendants Home Depot USA Inc. and Coca-Cola Beverages Florida, LLC (together, "Defendants") removed this action on September 10, 2021, pursuant to 28 U.S.C. § 1332. *See* ECF No. [1] ("Notice").

such, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). Further, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

"A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.* 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotations omitted). With regard to diversity jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

In the Notice, Defendants assert that Home Depot is a citizen of Delaware and Georgia, and Coca-Cola Beverages is a limited liability company whose members are citizens of Texas. *See* ECF No. [1] ¶¶ 24, 26, 28. In addition, in the Amended Complaint, Plaintiff alleges that he is a citizen of the state of Florida and that Defendant De La Moneda is a citizen of Florida. *See* ECF No. [41] ¶¶ 2, 5. As such, complete diversity does not exist, because both Plaintiff and Defendant De La Moneda are citizens of Florida. Therefore, because the Court lacks diversity jurisdiction, this case must be remanded to the state court. *See* 28 U.S.C. § 1447(c).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This matter is **REMANDED** to the Eleventh Judicial Circuit Court in and for Miami-Dade County for further proceedings.

2. The Clerk is **DIRECTED TO CLOSE** this case.

Case No. 21-cv-23279-BLOOM/Otazo-Reyes

3. Any pending motions are **DENIED AS MOOT**.

4. Any pending deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 1, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record